IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                     Cr. No. 11-02416-JCH

**MICHAEL LOVATO,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Michael Lovato's *Motion to Provide Discovery* (Doc. 66).  After considering both the motion and the United States' response, and being otherwise fully informed, the Court concludes that Defendant's motion should be denied, with leave to renew in the event that Defendant can demonstrate that he has a reasonably-held belief that the government is withholding material impeachment evidence.

**RELEVANT FACTUAL BACKGROUND**

On December 14, 2011, Defendant filed a motion to suppress, *inter alia*, the fruits of an August 18, 2011 search of his residence.  The basis of Defendant's motion was a typographical error that appeared on the underlying search warrant, which, according to Defendant, constituted a "factual impossibility" that rendered the search illegal.  The Court heard testimony related to the motion at a hearing which took place over two days, February 14 and May 22, 2012.  The Court also considered a supplemental brief filed by Defendant, which urged the Court to consider a 2007 polygraph examination administered to the police officer who prepared the

warrant, Detective Matthew Martinez, in connection with another case when evaluating Det. Martinez' credibility as a witness in the instant case.  On July 12, 2012, the Court entered a Memorandum Opinion and Order denying Defendant's motion.  (Doc. 60).

Pursuant to the instant motion, Defendant recites how, at some point after the Court entered its Order on the suppression motion, counsel convened to discuss the status of the case. During that conversation, counsel for the government disclosed that in a separate case, *U.S. v. Altonji*, Cr. No. 07-00872-JAP, a search warrant was executed by the Federal Bureau of Investigation (FBI) at Det. Martinez' own residence, which purportedly led to the discovery of narcotics that were evidence in one of the Detective's cases, and thus should have been in the custody of the Santa Fe Police Department.

In light of the government's disclosure, Defendant now seeks entry of an order "compelling the U.S. Attorney's Office to produce *all information* related to [Det. Martinez]." (Doc. 66 at 1) (emphasis added).  Defendant declines to further circumscribe the limits of his discovery request.

## DISCUSSION

The Court finds that a blanket Order compelling production of "all information related to" an investigating officer would be overbroad and unnecessary.  Here, it appears that the government did not disclose material impeachment evidence until after entry of the Court's July 12 Memorandum Opinion and Order denying Defendant's motion to suppress.  However, Defendant fails to set forth any argument – let alone offer any case law in support of the position -- that he has been prejudiced in his ability to defend himself at trial by the timing of the government's disclosure.  Indeed, the Court has already moved the trial until November 5, 2012

at Defendant's request. (Doc. 70).

In its response, the government contends that it complied with Constitutional requirements by disclosing the case number of the other case involving Detective Martinez at the time and in the manner it did.[1] The government further represents that it "will conduct a review of the files maintained by the FBI to search for any additional *Giglio* information related to Det. Martinez and will disclose any such information that is discovered." *See* Doc. 67 at 3, citing *Giglio v. United States*, 405 U.S. 150 (1972).

The Court has been provided with no basis from which to conclude that the government is withholding impeachment information relating to Det. Martinez. Accordingly, the Court finds that Defendant's motion to provide discovery should be denied as moot. However, the Court finds that Defendant should be given leave to renew his motion at such time that he can show that he has reasonable grounds to believe that the government is withholding discovery to which he is entitled as part of his basic "fair trial" guarantee. *See* U.S. Const., Amdts. 5, 6. *See also* Fed. Rule Crim. Proc. 16(a); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (Due process requires prosecutors to "avoid . . . an unfair trial" by making available "upon request" evidence "favorable to an accused . . . where the evidence is material either to guilt or to punishment").

---

[1]The government cites *United States v. Ruiz*, 536 U.S. 622, 633 (2002), in which the Supreme Court held that "the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." The government thus relies on *Ruiz* for the proposition that impeachment evidence "is special in relation to the *fairness of a trial*," and can be distinguished from exculpatory evidence which may be used to support a defendant's factual innocence. *See* Doc. 67 at 2 n.2, quoting *Ruiz*, 536 U.S. at 629 (emphasis in the original). Because Defendant has not placed before the Court the issue of whether he was prejudiced by the timing of the government's disclosures, the Court need not reach the issue of whether the government disclosed the existence of the other case involving Det. Martinez in a timely fashion.

## **CONCLUSION**

For the foregoing reasons, it is therefore ordered that Defendant's *Motion to Provide Discovery* (Doc. 66) is DENIED without prejudice.

_____
UNITED STATES DISTRICT JUDGE